# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| JEFF MACY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT,<br><br>　　　　Defendant. | No. 5:24-cv-01009-RGK-BFM<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

This Report and Recommendation is submitted to the Honorable R. Gary Klausner, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## SUMMARY OF RECOMMENDATIONS

This Report and Recommendation concerns a civil rights case filed by pro se Plaintiff Jeff Macy. Plaintiff alleges that the San Bernardino County Sheriff's Department ("SBSD") violated his rights repeatedly by failing to

provide him with assistance when he called. The Court has twice dismissed his complaints with leave to amend pursuant to 28 U.S.C. § 1915. Each time, the Court issued a lengthy screening order, explaining why Macy's claims were not viable as alleged. Plaintiff's most recent pleading, the Second Amended Complaint ("SAC") (ECF 10), suffers from the same deficiencies identified in his prior pleadings, and reflects little movement toward stating a viable claim. The Court therefore recommends dismissal of Plaintiff's claims with prejudice and without further leave to amend.

## BACKGROUND

**A.    Plaintiff's Allegations**

The facts alleged in the Second Amended Complaint are nearly identical to those set out in the original and First Amended Complaints. They are taken as true for the purposes of this Order:

Between July 2020 and October 2020, Plaintiff had a series of escalating disputes with his neighbors and with San Bernardino County Code Enforcement, an entity that is not part of the SBSD. He sought the SBSD's help in mediating these disputes on close to a dozen occasions. On each occasion, the SBSD either did not respond, their response was not helpful, their response was not as aggressive as Plaintiff wanted, or their investigative eye turned toward Plaintiff and his family. (*See* SAC ¶¶ 5-18.)

All of this happened in 2020, more than three and a half years before this action was initiated. Plaintiff alleges three additional incidents, which are undated in the SAC as they were in Plaintiff's prior complaints:

- On Christmas Eve of an unknown year, Deputy Maestas of the SBSD came to give Plaintiff a ticket relating to a trashed sign on his property. Plaintiff beat the ticket in court. (SAC ¶ 19.)

- On another occasion, while Plaintiff was at home, he saw suspicious unknown drones flying over his property. The SBSD did not investigate. When Plaintiff and family drove away—presumably on the same night—Plaintiff was followed by a black vehicle that would stop and pull over when Plaintiff did. (SAC ¶ 20.) Plaintiff does not say whether he called the SBSD on that occasion.
- On some occasion (which may or may not be related to some other incident described in the SAC), Detective Sandoval did not allow Plaintiff to record in the County Sheriff's investigation room. (SAC ¶ 22.)

On March 8, 2024, Plaintiff had a discussion with Deputy Maestas, the deputy who frequently responded to Plaintiff's 911 calls. Plaintiff said that Deputy Maestas had previously arrested him, which Deputy Maestas denied. When Plaintiff asked whether Deputy Maestas was going to follow up on a complaint regarding an easement, Maestas said, "I have the documents." Plaintiff also attached a link to a video posted on YouTube, which captures this conversation. (SAC ¶ 23.) Later that day, Sergeant Papa told Plaintiff he was "not going to investigate." (SAC ¶ 23.)

Plaintiff raises seven causes of action: (1) police misconduct; (2) emotional distress; (3) cover up; (4) refusal to comply with Public Records Act requests; (5) municipal and supervisory liability under § 1983; (6) negligence; and (7) conspiracy. (SAC at 1.)

Plaintiff names only one Defendant, the San Bernardino County Sheriff's Department, Twin Peaks Patrol Station. (SAC ¶ 4.) He requests compensatory damages, punitive damages, attorney's fees, and costs. (*See* SAC at 26-27.)

**B.    Procedural History**

Plaintiff filed this action in May 2024. (ECF 1.) He was granted leave to

3

proceed in forma pauperis. (ECF 5.) After screening the Complaint pursuant to 28 U.S.C. § 1915(e), the Court dismissed it with leave to amend. (ECF 7.) The Court identified the issues Plaintiff needed to remedy if he chose to file an amended complaint. (ECF 7.)

In June 2024, Plaintiff filed a First Amended Complaint, which varied only slightly from the original Complaint. (ECF 8.) The Court issued a second screening order, dismissing the First Amended Complaint for many of the same reasons as the initial Complaint. (ECF 9.)

Plaintiff quickly followed that Order by filing a Second Amended Complaint. (ECF 10.) The Second Amended Complaint, again, varied only slightly from the First Amended Complaint.

Having screened the most recent pleading pursuant to 28 U.S.C. § 1915(e), the Court again finds that Plaintiff's federal claims are lacking, and thus declines to consider Plaintiff's state-law claims. The Court recommends that Plaintiff's Second Amended Complaint be dismissed, this time with prejudice and without further leave to amend.

## ANALYSIS

### A. Standard for Dismissal Under § 1915

Where a plaintiff has been granted permission to proceed *in forma pauperis*, the Court is required to review the complaint and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a

claim."). In determining whether Plaintiff has stated a claim, the Court accepts as true the factual claims contained in the Second Amended Complaint and views all inferences in a light most favorable to him. *Hamilton v. Brown*, 630 F.3d 889, 892-93 (9th Cir. 2011). The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Because Plaintiff is not represented by counsel, the Court construes the Second Amended Complaint liberally. *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

**B.      *Monell* Liability for Police Misconduct (Causes of Action 1 and 5)**

The Court starts with the claims filed pursuant to 42 U.S.C. § 1983, as those are the claims that purportedly confer federal jurisdiction on this Court. (SAC ¶ 1.) The only Defendant named in the SAC is the San Bernardino County Sheriff's Department, a municipal entity. A municipal entity may not be held liable under § 1983 unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights. *Monell v. Dep't of Soc. Servs. of the City of N.Y*, 436 U.S. 658, 694 (1978). To establish liability for municipal entities under *Monell*, a plaintiff must prove (1) that the plaintiff was deprived of a constitutional right; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation. *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

Plaintiff alleges that SBSD deputies violated his First, Fourth, and Fourteenth Amendment rights. His claim under the Fourteenth Amendment falls apart at the first step: he has not stated a constitutional violation. The thrust of Plaintiff's claim appears to be that the SBSD violated his

5

constitutional rights by failing to investigate his complaints and to punish those who have aggrieved him. (*E.g.*, SAC ¶ 26.) He lists the Fourteenth Amendment as one basis of that claim. (SAC ¶ 1.) But Plaintiff has no right to the services of law enforcement under the Fourteenth Amendment.

The Due Process Clause provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. The clause limits the power of the *State* to interfere with life, liberty, or property, but it does not guarantee citizens "certain minimal levels of safety and security." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989). Put another way, the purpose of the Due Process Clause is to "protect the people from the State, not to ensure that the State protect[s] them from each other." *Id.* at 196. It does not confer an "affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests." *Id.* As such, any benefit that a party may receive from having law enforcement enforce the law does not trigger protections under the Due Process Clause. *See Castle Rock v. Gonzales*, 545 U.S. 748, 768 (2005) (finding no property interest in police enforcement of a restraining order).

There are two recognized exceptions to this rule—the "special relationship" doctrine and the "state-created danger" doctrine. *See DeShaney*, 489 U.S. at 199-200 (acknowledging a "special relationship" may arise where a State takes a person into their custody and the individual is wholly dependent on the State); *Martinez v. City of Clovis*, 943 F.3d 1260, 1271 (9th Cir. 2019) (describing the state-created danger exception as applying when the state affirmatively places a plaintiff in danger that he would not have otherwise faced). Contrary to Plaintiff's claim (SAC ¶ 30), neither is implicated in this case. Deputy Maestas declined to investigate Plaintiff's claims, but did not put him in *danger*. He may have been worse off for the visit because Deputy

6

Maestas later gave him a ticket for items he observed while on Plaintiff's property. (SAC ¶ 30.) But such allegations do not fit within the state-created danger exception—being worse off is not the same as being in danger. *Polanco v. Diaz*, 76 F.4th 918, 926 (9th Cir. 2023).

Because Plaintiff has not stated a constitutional violation for failure to provide law enforcement services, any *Monell* allegations premised on that violation necessarily fail. *City of L.A. v. Heller*, 475 U.S. 796, 799 (1986) (holding that a *Monell* claim cannot survive without an underlying constitutional violation).

Plaintiff also alleges that his Fourth Amendment rights were violated. (SAC ¶¶ 1, 38.) The Court can identify only two allegations in the Second Amended Complaint that conceivably relate to the Fourth Amendment: one incident in which an SBSD deputy stopped Plaintiff and allegedly prolonged his detention by asking questions unrelated to the purpose of the stop, and a second in which an SBSD deputy trespassed on his property. (SAC ¶¶ 8, 16.) Both of those events occurred in 2020, and thus any cause of action premised on those events may well be time-barred.

But even if the Court were to ignore the dated nature of those allegations and assume that there was some viable claim of a Fourth Amendment violation, Plaintiff does not allege that either SBSD deputy acted pursuant to some policy or custom of the SBSD. The traffic stop, as described by Plaintiff, involved an officer who stopped Plaintiff, and started asking questions unrelated to the purpose of the stop, including how much his property was worth. As described, that traffic stop is a one-off that occurred more than three years before this action was filed. Certainly, Plaintiff has not alleged based on this one incident that the SBSD has a policy of asking nosy questions during traffic stops, and one incident does not state a custom.

The same goes for Plaintiff's allegation of trespassing. Plaintiff claims that Deputy Maestas was supposed to meet him to discuss a complaint about his neighbor and trespassed on his private road. To the extent that what he describes is a trespass (given that he apparently invited the SBSD to meet with him), he certainly does not describe a policy or custom of trespassing on the part of the SBSD.

Finally, Plaintiff alleges that an SBSD deputy violated his First Amendment rights by precluding him from recording inside an SBSD investigation room. (SAC ¶ 22.) Individuals have some right to record what public officials do on *public* property. *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1044 (9th Cir. 2018). The Court could find no case, however, endorsing a broad First Amendment right to record interactions inside a police station, let alone inside an investigation room in a police station. *See McDonough v. Rundle*, No. 15-20038-CIV-ALTONAGA/O'Sullivan, 2015 WL 13594408 (S.D. Fla. Sept. 17, 2015) (upholding right of police department to limit recording inside its station), *rev'd on other grounds*, 862 F.3d 1314 (11th Cir. 2017). And *even* if there were some right to record inside a police station, Plaintiff has not alleged a policy or custom attributable to the SBSD–he has described one incident, without giving a date or describing any of the circumstances surrounding the incident, and one incident does not state a custom. His allegations do not suffice.

For these reasons, Plaintiff's *Monell* allegations against the SBSD under the First, Fourth, and Fourteenth Amendment fail. To the extent that Plaintiff intended to allege some other federal claim, he has again not done so clearly enough to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's Fifth Cause of Action (and his First, to the extent

that it attempted to supply the alleged federal constitutional violation) must be dismissed for failure to state a claim.[1]

### C. State Law Claims

Plaintiff's remaining claims are infliction of emotional distress (Second Cause of Action); "coverup" (Third Cause of Action); failures to comply with the California Public Records Act (Fourth Cause of Action); negligence (Sixth Cause of Action); and conspiracy (Seventh Cause of Action). None of these explicitly invokes any federal constitutional provision or federal statute. The Court does not perceive any viable federal claim in any of these causes of action; they all appear to be premised on state law. Indeed, even after the initial screening order informed Plaintiff that his remaining claims appeared to lack a federal basis, Plaintiff did not clarify the federal basis for any of his claims.

To get such state-law claims into federal court, there would have to be a related federal question present in his case; otherwise, there is no federal jurisdiction over the action. *Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015). Claims that are "wholly insubstantial" or "obviously frivolous" are insufficient to "raise a substantial federal question for jurisdictional purposes." *Id.*; *see also White v. White*, 731 F.2d 1440, 1442 (9th Cir. 1984) ("Federal jurisdiction exists if a complaint claims a right to recover under the Constitution and laws of the United States and the claim is not wholly insubstantial and frivolous"). Because this Court concludes there is no viable federal claim, the Court declines to adjudicate any state-law claim Plaintiff may have attempted to allege.

---

[1] Plaintiff's Fifth Cause of Action also alleges supervisory liability. Because Plaintiff has not named any defendant in a supervisory role, any such claim fails.

9

**D.      Leave to Amend**

The SAC does not cure the deficiencies identified in the two previous screening orders. (ECF 43 at 11-15.) Indeed, the SAC only barely attempts to modify the two previous complaints to address the Court's concerns. Under those circumstances, leave to amend should not be granted. The Court's discretion to dismiss without leave to amend is "particularly broad" where it has previously granted leave to amend. *See Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 879 (9th Cir. 1999). Given how little progress the SAC represents, further leave to amend appears to be futile. The Court therefore recommends that Plaintiff's Second Amended Complaint be dismissed with prejudice and without leave to amend.

## RECOMMENDATION

IT THEREFORE IS RECOMMENDED that the District Judge issue an Order accepting and adopting this Report and Recommendation; and dismissing the Second Amended Complaint with prejudice and without leave to amend.

DATED: July 2, 2024

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE

# NOTICE

Reports and Recommendations are not appealable to the United States Court of Appeals for the Ninth Circuit, but may be subject to the right of any party to file objections as provided in the Local Civil Rules for the United States District Court for the Central District of California and review by the United States District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until the District Court enters judgment.