FILED
CLERK, U.S. DISTRICT COURT

07/15/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: AP DEPUTY

THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA EASTERN DIVISION

JEFF MACY,

        Plaintiff,

vs.

SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT TWIN PEAKS PATROL STATION,

        Defendant.

Case No.: 5:24-cv-01009-RGK-BFM

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT & RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) & Rule 4(b) of Appendix C to the Local Rules, Plaintiff Jeff Macy respectfully makes the following objections to the Report & Recommendation entered in this matter on July 2, 2024. For the reasons stated below, the Report should not be followed, & this case should not be dismissed.

On 7/31/20 someone put a "FREE" sign on Plaintiff's ornate fences (1st saw the sign when Plaintiff arrived at MacyLand property around 11:30 AM). Plaintiff took a picture of the sign, then took it off. Later, on the same day, after Plaintiff & Family cleaned MacyLand property around 6 PM, drove up, & saw another "FREE" sign on Plaintiff's fences again. Macy Family took a picture then took the "FREE" sign down again. Macy Family also informed the neighbor across the street, named Susan to be on the lookout for who is putting the "FREE" sign on our fences. Plaintiff called 911 & Defendants never showed up.

At around 8 PM on 7/31/20, Plaintiff & Family saw a black Subaru car [#1]; license plate #AZ08V93 parked on Plaintiff's private property. (Trespassing, abandoned vehicle, no rear or front license plate existed, citizen's arrest, unknown owner, stolen vehicle?) Plaintiff & Family called 911. When Plaintiff & Family was calling, a young black man walked up & threatened Plaintiff & Family saying, "You better back off or I will knock your ass out!" A black older

PAGE 1

man, neighbor with a pointed spade shovel in hand, came up & said, "You need back up?" Then young black male criminal drug dealer got into Subaru car & zoomed away super-fast. 5-7 minutes later. After a big 4x4 white truck [#2] with the license plate #61870W2 sped by the Plaintiff & Family's red truck; past Plaintiff's private property dirt road. Minutes later big white truck turned back around, drove by Plaintiff & family illegally fast again. Around 9 PM, Plaintiff & Family was driving home & saw the same big white truck & black Subaru; at the corner of Mojave River RD & Crest Forest Drive, Cedarpines Park, CA 92322. Plaintiff Jeff Macy called 911 again for help. While Plaintiff was on the phone, another sports car [#3] coming from Crest Forest Drive & a green jeep [#4]; driven by the neighbor black man coming from Mojave River RD showed up. The green jeep blocked, detained, & prevented Plaintiff & Family from escaping or driving away. Intentionally blocked behind Plaintiff & Family truck, so family could not escape! White truck & sports car parked in front of Macy Family truck. The young black criminal male eventually got out of the white truck, jumped into the black Subaru [#1] with no license plates, then high speed, illegally sped away on Crest Forest Drive. The green jeep [#4] backed out quickly & drove back to his house on Mojave River RD. The white truck [#2] & sports car [#3] left downhill on Crest Forest Dr. Plaintiff & Family waited for a while for fear of lives. Defendant's County Sheriffs never showed up or called Plaintiff & family back.

On 8/4/20 at around 10:30 AM, Defendant's County Sheriff Officer pulled Plaintiff & Family over on Mojave River RD. Defendant's County Sheriff Officer stopped Plaintiff & Family for more than 30 minutes, asking several questions like, "How much is your 36-acre lake view property worth?" Plaintiff Jeff Macy replied, "I don't know, probably worth a lot, why? Defendant's Officer also

asked, "How many millions is your private property worth?" –At this point Plaintiff was very concerned! Plaintiff asked Defendant's Sheriff, "Are you going to investigate our private property damages?" Then Defendant's County Sheriff refused to answer question & said, "I have a call & have to go." Defendant's Officer drove away.

At around 4 PM on 8/4/20, County Code Enforcement Officer Pedro Moreno had a badge, showed up, & illegally detained Plaintiff & family from cleaning up trash. County Code Enforcement Officer trespassed onto Plaintiff's private property. Plaintiff called County Code Enforcement to report civil rights violations. County Officer Pedro illegally took pictures of Plaintiff's red 4x4 Ford truck license plate; full of trash from County CSA-18's illegal dumping for years. Plaintiff & Family called 911, but Defendants never came or called back to investigate.

On 9/9/20, Plaintiff & Family went over to MacyLand property at around 5 PM & saw cables (that Plaintiff & Family put up to secure MacyLand property's 4 entrances) were cut up in 3 different places & on the ground. Plaintiff & Family's glass mason jar lights were scattered & shattered glass was across Plaintiff & Family's private road, creating a hazardous condition. Plaintiff & Family has photos of cut & destroyed cables. San Bernardino County Code Enforcement gave Plaintiff ticket of violation for hazardous glass & trash on road which was caused by County. Defendant once again would not show up when Plaintiff called 911.

On 9/9/20 Plaintiff & Family were cleaning MacyLand & saw Plaintiff's U.S. FLAG was illegally removed. Plaintiff & Family's Military grade, high quality, parachute material hammocks were destroyed. Plaintiff & Family had 3 different shades of green hammocks which were destroyed, cut by pocket

knife multiple times. Shredded Hammocks were left on Plaintiff's Property. Defendants have provided no security for Plaintiff's private property; Defendants are not taking their job seriously & not helping Plaintiff & Family. Plaintiff's 2 rope swings, high quality, expensive thick ropes were stolen. Plaintiff & Family went out to clean up trash that County keeps giving Plaintiff tickets of violations to clean up. Plaintiff & Family called 911, but Defendant's Officers never showed up to investigate or make a report.

On 9/9/20 there was an abandoned truck vehicle (decrepit truck was on the neighbor's property bordering MacyLand), which was illegally dragged onto Macy Family's property. Plaintiff & Family called the Defendant's County Sheriff & this time 2 Defendant's County Sheriffs came out to make a report, but never followed up with Plaintiff & Family's report. Defendant's County Sheriff Officer Maestas said, "I will be back tomorrow (9/10/20) to talk to the neighbors." Instead of helping Macy Family tow truck away, Defendant's County Sheriffs disappeared & never showed up again; no case # was given. There were clear fresh drag marks on the ground from neighbor's property, past clearly identified survey markers, over to Plaintiff's private property. Neighbors were evil & moved abandoned vehicle to MacyLand to make Plaintiff deal with the neighbor's abandoned truck instead.

On the same 9/9/20 day, Plaintiff's neighbor Mark Eason admitted to shooting rattlesnake with Eason's shotgun on Plaintiff's property. Mark Eason also admitted to placing rattlesnake 10' clearly onto Plaintiff's property; on top of a round log, in plain sight. Eason intentionally placed rattlesnake on Plaintiff's log to intimidate & scare Plaintiff's children. Plaintiff & Family called 911 & Defendant's Officer did come out. Mark Eason even admitted to Defendant's Officer County Sheriff Maestas that Mark Eason shot rattlesnake outside in

public, but was not arrested or given a ticket. Case #052001280. County Sheriff Maestas should have arrested Mark Eason for admitting to using shotgun on Plaintiff's Property to kill Rattlesnake & throw on Plaintiff's log. Instead, continued history of failure of duty, negligence, & Police Misconduct. Pattern of County Sheriffs not doing their job. Plaintiff has pictures of dead rattlesnake on log; which Defendant's County Sheriff Maestas refused to dispose of or call animal control for. County Sheriff Maestas is liable, left dangerous situation, & negligence there. Plaintiff Jeff Macy even asked County Sheriff Maestas to remove rattlesnake, which County Sheriff Maestas would not do. According to https://wildlife.ca.gov/Conservation/Reptiles/Rattlesnake: "DO NOT try to touch or handle a snake, dead or alive. Dead rattlers may still inject venom shortly after death." Rattlesnake bites can cause severe injury or death. Defendant's County Sheriff Maestas kept yelling at Plaintiff Jeff Macy; also yelled, "I don't work for you (Plaintiff Jeff Macy)."

On 9/17/20, 2 EHE Surveyors did survey for Plaintiff's property. Plaintiff's wife Julie Macy was taking pictures of all survey markers of Plaintiff's property lines put in by EHE Surveyors. Neighbor Linda Koupeny came out & battered Plaintiff's wife Julie Macy & Plaintiff's son Josiah Macy; with high pressure spray in mouths & noses with water hose in their faces, so they couldn't breathe. EHE Surveyors also witnessed Julie Macy & Josiah Macy getting battered with water hose in their faces. EHE Surveyor Matthew suggested that Julie Macy call the Sheriff. Julie Macy video recorded Neighbor Linda Koupeny's actions & then called the Sheriff. Defendant's County Sheriff Robert Maestas showed up & gave Neighbor Linda Koupeny ticket for battery instead of arresting Linda Koupeny. Case #052001326 Linda Koupeny has been charged with battery against Julie & Josiah Macy on Plaintiff's property, at disputed fence line. Same

day, Plaintiff & Family noticed Plaintiff's fences that were chained & locked to tree on Plaintiff's property were gone & stolen. Plaintiff & Family also reported stolen fences to Defendant's Officer. County Sheriff Maestas said stolen fences would be added to 9/9/20 case, but Defendant's Officer never called Plaintiff & Family back or followed up.

On 10/2/20, Macy Family went to Plaintiff's property at around 3 PM. Plaintiff & Family noticed that Plaintiff's 2 signs, which were mounted on Plaintiff's property corner were removed. Macy Family later found signs & cut down cables; thrown down Plaintiff's property hill. Macy Family called Defendant's County Sheriff. County Sheriff Maestas showed up & said Defendant's Officer would investigate about the signs.

There were 8 Police Misconducts on 10/2/20: Police Misconduct #1 County Sheriff Maestas trespassed on Plaintiff's private road, Defendant's Officer was supposed to meet at top entrance of MacyLand property to investigate Macy Family's stolen no trespassing signs/cut cables etc.]. County Sheriff Maestas said, "I noticed the cables have been cut down again", but asked more questions about the broken, trashed, faded ½ of sign that neighbor called in saying, Plaintiff Jeff Macy took their sign. Police Misconduct #2 County Sheriff Maestas instead of helping Plaintiff & Family, which County Sheriff Maestas was called out for: felony, instead turned on Plaintiff & Family; did more investigation about allegation of petty theft broken, trash ½ of sign. [Yet told Sheriff was a vacant land owner's sign, who was not around] Macy Family was cleaning up MacyLand property & faded ½ of 1 part of a trashed, broken in ½ faded sign; lying face down on Plaintiff's property. Plaintiff Jeff Macy picked up faded ½ of sign & threw faded ½ of sign in back of dump truck with trash to throw away. Broken up, $0 value plastic, trash ½ of sign was in back of Macy

PAGE 6

Family trash truck to take to dump; for County Code Enforcement ticket fine given to Plaintiff to clean up trash. Defendant's Officer talked more about the trashed, faded ½ of sign Plaintiff Jeff Macy picked up, rather than Macy Family's signs & cut down cables which Sheriff Officer was called out for from Macy's. County Sheriff Maestas never turned $0 value plastic, trashed, faded ½ of sign into evidence. Police Misconduct #3 Defendant's County Sheriff Maestas gave sign to Hearsay neighbor instead of taking the $0 value, faded ½ plastic, trash sign into evidence. [Required for a criminal charge] County Sheriff Maestas drove up road to give neighbor $0 value plastic, trashed, faded ½ of sign! Hearsay neighbor called in, saying, "Not owner of vacant property lot, but has authority to call on behalf of owner?". Hearsay neighbor had "No Trespassing" sign on unknown vacant lot owner's property. County Sheriff Maestas doesn't even know how to do job, doesn't even understand chain of custody with evidence. Police Misconduct #4 Neighbor admitted to knowing who's illegally dumping trash on Plaintiff's property. County Sheriff Maestas failed to investigate admission of guilt for a neighbor's vacant property. Neighbor should have been arrested for admission of guilt, County Sheriff Maestas did not do follow up investigation or call Plaintiff & Family back. Police Misconduct #5 County Sheriff Maestas cannot charge petty theft for broken up, $0 value plastic, trashed, faded ½ sign. Police Misconduct #6 County Sheriff Maestas drove down dirt road fast, reckless driving, yelling at Plaintiff Jeff Macy in front of family for picking up trash because of County notice. Police Misconduct #7 Hearsay Neighbor did a False Police report against Plaintiff & Family. Hearsay neighbor does not even own property that supposed 0 value plastic sign was located on. Plaintiff & Family never met accuser. The original reason Defendant's County Sheriff Maestas was called out, was for Macy

Family's signs & cut down cables. Police Misconduct #**8** Later, at **5:30** PM an abandoned vehicle trespassed & parked onto Plaintiff's private property; in front of clearly identified "No Trespassing" signs. Blocking Plaintiff's parking entrance. Plaintiff & Family called **911**, but Defendant's County Sheriffs never showed up. Plaintiff & Family waited in the cold for over **1** hour, then drove home after realizing County Sheriffs were not going to come.

On **10/16/20**, **4** days before Plaintiff & Family put up a top-of-the-line trail, battery operated, self-sufficient camera on tree aimed at Plaintiff's private road to collect evidence for who was stealing Plaintiff's property no trespassing signs. The neighbor Linda Koupeny was watching Macy Family put up camera from window at around **3** PM. Plaintiff & Family went to Plaintiff's property to clean up trash & found out that someone stole the camera put up on **10/12/20**. Plaintiff & Family called **911** at **3:11** PM to report stolen camera. Linda Koupeny on Facebook said Koupeny did something about the trail camera right away, Macy's provided evidence of the Facebook post. **2** County Sheriffs didn't do anything about the admission of guilt from the Facebook post. Defendant's **2** County Sheriffs showed up at around **4** PM & talked to Plaintiff Jeff Macy. The **2** County Sheriffs were aggressive & mean. The **2** County Sheriffs tried to turn on Plaintiff to say, "Trail camera is looking into neighbor's window"; when the trail camera was aimed at the Plaintiff's private road. The **2** County Sheriffs went to talk to neighbors. County Sheriffs also gave Plaintiff Jeff Macy & Plaintiff's Family permission to clean up trash, which neighbors put on Plaintiff's road to block MacyLand. Defendant's County Sheriffs wrote about stolen camera & trash on the report, but did not give police report to Plaintiff & Family. San Bernardino County Code Enforcement gave Macy Family ticket of violation for trash neighbors put on Macy Family's road.

PAGE 8

On **10/24/20**, Plaintiff & Family went over to MacyLand at around **1** PM & the pole with written "Macy Land" sign was stolen (on the corner of Plaintiff's property.) Plaintiff called **911**. Defendant's County Sheriff came over to take the report. Case #**052001506** Sheriff left scary skeleton on Plaintiff's property. Plaintiff owns deck, which witchcraft sign, skeleton, "crazy cat lady" sign are on. All County Sheriff said was, "it is civil, I can't do anything about it". Plaintiff & Family is being bullied & intimidated. Linda Koupeny "Crazy Cat Lady" threatened, "I will kill you (Plaintiff Jeff Macy) if you ever touch or get near my cats." Neighbors purposely leave "Crazy Cat Lady" sign on tree pointed towards MacyLand to intimidate Plaintiff & Family. Mark Eason & Linda Koupeny are also preventing Plaintiff & Family from developing Plaintiff's property, & have told the neighbors so. Linda Koupeny yells at Plaintiff & Family ["Go away"] every single time Plaintiff & Family is at MacyLand property cleaning up trash. Also preventing Plaintiff & Family from cleaning near MacyLand property line. In front of Plaintiff's kids, including Jedidiah Macy **11**-years-old. Calling Plaintiff Jeff Macy, "an a--hole, false prophet, fake, & a liar." Plaintiff & Family has never said anything mean to Mark Eason or Linda Koupeny ever. Mark Eason & Linda Koupeny are suspected of felony theft of Macy Family fences & destruction of private property. Police Report Case #**052001280** Cut down Plaintiff's cables & removed no trespassing signs.

On or around Christmas Eve at around **8:15** PM Defendant's County Sheriff Maestas showed up at Plaintiff & Family's residence to give Plaintiff Jeff Macy a citizen's arrest ticket for trashed, broken up, faded ½ of sign, picked up, & cleaned off of Macy Family property weeks before. County Sheriff Maestas' Illegal Detainment of Plaintiff Jeff Macy for broken up, trashed, faded ½ of sign,

PAGE 9

ticket. Plaintiff appealed false ticket & won on appeal. Another history of Police Misconduct, Negligence, & False Ticket.

Sometime around 2021 at nighttime, pitch black, Plaintiff & Family was on MacyLand; suspicious unknown drones with flickering, flashing lights flew over Plaintiff's private property & followed Plaintiff & Family around. Suspicious unknown drones were spying on Plaintiff & Family for a very long time; hovering over Plaintiff & Family. Defendant's County Sheriffs never investigated or came out for suspicious unknown drones or who sent/controlled suspicious unknown drones. When Plaintiff & Family drove away, Plaintiff & Family was followed home from Cedarpines Park to Twin Peaks, CA by 1 black vehicle for over 40 minutes. Every time Plaintiff & Family pulled over, black vehicle stalking Plaintiff & Family would also pull over. Plaintiff & Family had to pull over multiple times, in hopes that black vehicle would stop following Plaintiff & Family.

Defendant's County Sheriff Officer Maestas has not investigated on many occasions when called or "if" shows up to MacyLand. Plaintiff & Family are being targeted for being a non-profit Religious Facility & Religious Organization. Religious discrimination against 1611 Bible Translator & Scribes Macy Family. County Sheriff Maestas showed up for felony theft allegations of Macy Family Property numerous times. Plaintiff & Family has lost many chains, cables, glass lights, signs, & cameras. County is trying to take Plaintiff's Property for free. County Sheriffs are helping to cover up for County. Plaintiff & Family has called at least 6x, without Defendant's County Sheriffs showing up. County Sheriffs have stopped coming out to MacyLand to help Macy Family, because County Sheriffs are covering up for County CSA-18.

https://www.youtube.com/watch?v=YXl7Py_X4pg At 3:11, video on 3/8/2024 at 11:21 AM; County Sheriff Maestas lied, said, "I have never arrested you

(Plaintiff Jeff Macy)." At **4:00** of video, County Sheriff Maestas refused to answer: if County Sheriff Maestas was going to follow up. County Sheriff Maestas only said, "I have the documents." Later that day, Defendant's County Watch Commander Sergeant Popa said, "I do not know I have to have my ID on my Uniform." County Watch Commander Sergeant Popa said on phone, "Not going to investigate." County Watch Commander Sergeant Popa did not know had to be courteous, only thought professional.

Defendant's code of ethics: https://wp.sbCounty.gov/sheriff/about-us/ As a law enforcement officer, my fundamental duty is to serve mankind; to safeguard lives & property; to protect the innocent against deception, the weak against oppression or intimidation, & the peaceful against violence or disorder; & to respect the constitutional rights of all men to liberty, equality, & justice. I will keep my private life unsullied as an example to all; maintain courageous calm in the face of danger, scorn, or ridicule; develop self-restraint; & be constantly mindful of the welfare of others. Honest in thought & deed in both my personal & official life, I will be exemplary in obeying the laws of the land & the regulations of my department. Whatever I see or hear of a confidential nature or that is confided to me in my official capacity, will be kept ever secret unless revelation is necessary in the performance of my duty. I will never act officiously or permit personal feelings, prejudices, animosities, or friendships to influence my decisions. With no compromise for crime & with relentless prosecution of criminals, I will enforce the law courteously & appropriately without fear or favor, malice or ill will, never employing unnecessary force or violence & never accepting gratuities. I recognize the badge of my office as a symbol of public faith, & I accepted it as a public trust to be held as long as I am true to the ethics of the police service. I will

constantly strive to achieve these objectives & ideals, dedicating myself before GOD to my chosen profession…law enforcement.

## LEGAL STANDARD

This Court's review is de novo. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

## BACKGROUND

### A.  Police Misconduct

Defendant's County Sheriff Officers are not showing up to investigate, or do their job! Defendant County Sheriff Officer Detective Sandoval refused to allow Plaintiff to record in the County Sheriff's investigation room, violating Plaintiff's 1st amendment rights. Defendants are refusing to go to MacyLand to help Plaintiff's religious development; for Sheriffs already know that another County department: CSA-**18** is committing said crimes against Plaintiff. County Sheriff Officers are not investigating County CSA-**18** as part of continued cover up. Defendant's Officers are not calling Plaintiff back in regards to what's happening on Plaintiff's MacyLand property. Defendant's Officer told Plaintiff, "We (Sheriff's) don't normally arrest County employees". When Defendant San Bernardino County Sheriff's Department Twin Peaks Patrol Station found out that San Bernardino County CSA-**18** Special Districts were the ones doing criminal activity on Plaintiff's private religious property; County Sheriff Officer's stopped coming out to help Plaintiff. Defendants stopped doing Sheriff's required job for the Plaintiff for years. County CSA-**18** has admitted to cutting & stealing Plaintiff's: cables, bolts, signs, & shattered, broken multiple glass lights. County caused dangerous, hazardous conditions to exist; on Plaintiff's private

road. Harassed Plaintiff & Family multiple times for years, saying, "Criminal destruction of private religious property is a civil issue?" At least **6x** Defendant's County Sheriff Officer's never/refused to come to Plaintiff's property to even investigate; when called for emergency situations!

Defendant's County Sheriff Officers are helping San Bernardino County, CA cover up numerous crimes from multiple County departments (such as: County CSA-**18**, Sheriff's, County Code enforcement, County Fire Hazard Abatement, County Public works, County Waste Management, Cedarpines Park Mutual Water Company, Neighbors, County Records Requests, County Department of Risk Management, & County Counsel).

According to https://wp.sbcounty.gov/sheriff/wp-content/uploads/sites/17/Department-Manual-Master-03-05-24.pdf?x17738 Defendant's San Bernardino County Sheriff's Department Manual 1.100 Department Philosophy: "The Department is dedicated to protect the rights of all persons within its jurisdiction to be free from criminal attack, to be **secure in their possessions**, & to **live in peace**." Plaintiff's neighbor Mark Eason admitted to shooting rattlesnake with Eason's shotgun on Plaintiff's property. Mark Eason also admitted to placing rattlesnake **10'** clearly onto Plaintiff's property; on top of a round log, in plain sight. Eason intentionally placed rattlesnake on Plaintiff's log to intimidate & scare Plaintiff's grandchildren. Case #**052001280**. Defendant's County Sheriff Maestas should have arrested Mark Eason for admitting to using shotgun on Plaintiff's Property to kill Rattlesnake & throw on Plaintiff's log. Instead, continued history of failure of duty, negligence, & Police Misconduct.

Defendant's County Sheriff Maestas trespassed onto Plaintiff's private road; Defendant's Officer was supposed to meet at top entrance of MacyLand property to investigate Macy Family's stolen no trespassing signs/cut cables etc. County Sheriff Maestas said, "I noticed the cables have been cut down again", but asked more questions about the broken, trashed, faded ½ of sign that neighbor called in saying, Plaintiff Jeff Macy took their sign.

Defendant's County Sheriff Maestas did more investigation about allegation of petty theft broken, trash ½ of sign, instead of investigating Plaintiff & Family's cables & signs. Macy Family was cleaning up MacyLand property & faded ½ of 1 part of a trashed, broken in ½ faded sign; lying face down on Plaintiff's property. Plaintiff Jeff Macy picked up faded ½ of sign & threw faded ½ of sign in back of dump truck with trash to throw away. Broken up, $0 value plastic, trash ½ of sign was in back of Macy Family trash truck to take to dump; for County Code Enforcement ticket fine given to Plaintiff to clean up trash. Defendant's Officer talked more about the trashed, faded ½ of sign Plaintiff picked up, rather than Macy Family's signs & cut down cables which he was called out for from Macy's. County Sheriff Maestas never turned $0 value plastic, trashed, faded ½ of sign into evidence.

Defendant's County Sheriff Maestas gave sign to Hearsay neighbor instead of taking the $0 value, faded ½ plastic, trash sign into evidence.  [Required for a criminal charge] County Sheriff Maestas drove up road to give neighbor $0 value plastic, trashed, faded ½ of sign! Hearsay neighbor called in, saying, "Not owner of vacant property lot, but has authority to call on behalf of owner?". Hearsay neighbor had "No Trespassing" sign on unknown vacant lot owner's

property. County Sheriff Maestas doesn't even know how to do job, doesn't even understand chain of custody with evidence.

Neighbor admitted to knowing who's illegally dumping trash on Plaintiff's property. County Sheriff Maestas failed to investigate admission of guilt for a neighbor's vacant property. Neighbor should have been arrested for admission of guilt, County Sheriff Maestas did not do follow up investigation or call Plaintiff & Family back.

Defendant's County Sheriff Maestas cannot charge petty theft for broken up, $0 value plastic, trashed, faded ½ sign.

Defendant's County Sheriff Maestas drove down dirt road fast, reckless driving, yelling at Plaintiff Jeff Macy in front of family for picking up trash because of County notice.

Hearsay Neighbor did a False Police report against Plaintiff & Family. Hearsay neighbor does not even own property that supposed 0 value plastic sign was located on. Plaintiff & Family never met accuser. The original reason Defendant's County Sheriff Maestas was called out, was for Macy Family's signs & cut down cables.

There was an abandoned vehicle trespassed & parked onto Plaintiff's private property; in front of clearly identified "No Trespassing" signs. Blocking Plaintiff's parking entrance. Plaintiff & Family called 911, but Defendant's County Sheriffs never showed up. Plaintiff & Family waited in the cold for over 1 hour, then drove home after realizing County Sheriffs were not going to come.

On or around Christmas Eve at around 8:15 PM Defendant's County Sheriff Maestas showed up at Plaintiff & Family's residence to give Plaintiff Jeff Macy a

citizen's arrest ticket for trashed, broken up, faded ½ of sign, picked up, & cleaned off of Macy Family property weeks before. County Sheriff Maestas' Illegal Detainment of Plaintiff for broken up, trashed, faded ½ of sign, ticket. Plaintiff Jeff Macy appealed false ticket & won on appeal. Another history of Police Misconduct, Negligence, & False Ticket.

As such, **Defendants violated Plaintiff's constitutional right, the Fourth Amendment** by: Illegal Detainment: A police detention is a seizure of your person. If it is unreasonable, it violates your Fourth Amendment rights. If it violates the Fourth Amendment, it is an unlawful traffic stop. Defendants had no legal justification to restrict Plaintiff & Plaintiff's family freedom to leave. Unreasonable Search & Seizure: "**Unlawful police detention is when law enforcement, without legal justification, restricts your freedom to leave. Doing so constitutes a civil rights violation based on the Fourth Amendment. That amendment to the U.S. Constitution prohibits officers from conducting unreasonable searches or seizures.**" Defendants violated Plaintiff's Fourth Amendment to the Constitution. "The right of the people to be secure in their persons, houses, papers, & effects, against unreasonable searches & seizures, shall not be violated, & no warrants shall issue, but upon probable cause, supported by oath or affirmation, & particularly describing the place to be searched, & the persons or things to be seized."

### B. Emotional Distress

Defendants **"abused a position of authority"** Plaintiff & Family cannot trust Sheriff's to do their job. Instead of helping Plaintiff & Family, Defendant Sheriff Officer's turned against Plaintiff & Family & gave Plaintiff a ticket for trash on Plaintiff's property. The ticket was appealed & won on appeal.

Defendants had already known Plaintiff was **"particularly vulnerable to emotional distress"**. Defendants have neglected to help Plaintiff & Family.

Defendants, **"knew that their conduct will likely result in emotional harm"**. Defendant actions described in this Complaint were intentional, extreme, & outrageous. County Defendant is actively covering up for other County Organizations & not helping protect Plaintiff & Family against said crimes.

Plaintiff is informed & believes & here-in alleges that such actions were done with intent to cause serious emotional distress & were done with reckless disregard of the probability of causing Plaintiffs severe emotional distress.

The conduct of the Defendants was despicable, abuse of power, abuse of authority, oppressive, & accomplished with a conscious disregard for Plaintiff & Family's rights. Plaintiff's severe emotional distress is a result from aforementioned Defendants violation of Plaintiff's constitutional right, the Fourth Amendment.

As a proximate result of the Defendant's actions & inactions; Plaintiff Jeff Macy incurred damages in the form of psychological & emotional injuries, including, without limitation, sleep deprivation, humiliation, all of which are continuing & damaging to reputation. Plaintiff's actual damages will be ascertained at trial.

### Sleep Deprivation:

1. Plaintiff Jeff Macy is having a hard time falling asleep right away & sleeping at night because of Defendant Officers abusing their positions & not helping Plaintiff. Sheriffs are supposed to maintain peace & order, but instead of helping Plaintiff; Defendant turned against Plaintiff & gave Plaintiff false ticket.

PAGE 17

2. Plaintiff's quality of life has been diminished because of Defendant not properly doing their job. Plaintiff feels like Defendant hates him because of his religion & he's being religiously discriminated against.

**Humiliation:**

1. It's embarrassing & humiliating how people keep hearing about lawsuit against San Bernardino County Sheriffs Department Twin Peaks & asking Plaintiff about it.

2. Plaintiff is humiliated for receiving a false ticket for picking up trash on Plaintiff's own property! Plaintiff was required by San Bernardino County to clean trash off of Plaintiff's property, but then Defendant San Bernardino County Sheriffs Department gave Plaintiff a ticket to extort money from Plaintiff.

**C. Cover Up**

Defendant's County Sheriffs are not showing up, not doing their job, "Police Misconduct" to Macy Land to help Plaintiff & Family because Defendant already knows it's County CSA-**18** committing crimes. County Sheriffs are not investigating County CSA-**18** as part of continued cover up.

Defendant's County Sheriffs are not calling back in regards to what's happening on Plaintiff's property. "We (County Sheriff's) don't normally arrest County employees." When the Defendant Sheriff's Department found out that San Bernardino County CSA-**18** Special Districts were the ones doing criminal activity on Plaintiff's private property; County Sheriffs stopped helping the Plaintiff & Family.

County CSA-**18** has admitted to cutting & taking Plaintiff's cables down, signs, causing broken multiple glass lights; causing a dangerous, hazardous

condition on Plaintiff's road, & harassed the Plaintiff & Family multiple times. "Police against Community mentality."

Instead of the Defendant's correcting County CSA-**18**'s wrongdoings, Defendants are helping San Bernardino County cover up numerous crimes.

Plaintiff Jeff Macy called Defendant County Sheriff's on **3/7/2024** about Cedarpines Park Mutual Water Company for trespassing on Plaintiff's property. Plaintiff & Family have survey & authority to show where survey markers are located, but the Defendant County Sheriff's never called back or showed up to help.

For the good of the community, anyone that is involved in this cover up & widespread corruption should be retrained, suspended or fired.

Defendant's authorities to the best of Plaintiff's knowledge have failed to do any & all investigations or resolutions to this day!

Defendant's County Sheriff Officer Maestas has not investigated on many occasions when called or "if" shows up to MacyLand. Plaintiff & Family are being targeted for being a non-profit Religious Facility & Religious Organization. **1611** Bible Translator & Scribes Macy Family. County Sheriff Maestas showed up for felony theft allegations of Macy Family Property numerous times. Plaintiff & Family has lost many chains, cables, glass lights, signs, & cameras. County is trying to take Plaintiff's Property for free. County Sheriffs are helping to cover up for County. Plaintiff & Family has called at least **6x**, without Defendant's County Sheriffs showing up. County Sheriffs have stopped coming out to MacyLand to help Macy Family, because County Sheriffs are covering up for County CSA-**18**. As such, County is covering up because of aforementioned Defendants violation of Plaintiff's constitutional right, the Fourth Amendment.

Defendants are violating Plaintiff's First Amendment rights which guarantees freedoms concerning religion by helping San Bernardino County cover up. Defendants should be helping and protecting Plaintiff's; not helping San Bernardino County cover up & restricting Plaintiff's from building a religious temple.

### D. Failure to do Public Record's Requests

There are numerous incident reports & County Sheriff reports. Defendant County Sheriff's Department is still failing to give Plaintiff's public records requests.

Defendants violated Government Code (GC) sections 6250-6270 failure to complete request within the 10 days to this day.

Defendants failed to do public records request as requested by Plaintiff multiple times (Exhibit 3).

Plaintiff has requested numerous times for documents as well as recordings from Defendant. Defendant has failed to follow the 10-day legal requirement to disclose & provide the documents to Plaintiff as requested.

All Public Records Requests will be handled in a timely manner: The PRA requires public agencies to initially respond to a request for records within ten calendar days (this time limit may be extended by 14 days in certain circumstances). CSD will inform the requestor of the status of the request within ten days, & further inform the requestor of an estimated timeframe for completion. Section 6253 of the Government Code, which sets forth the 10-day compliance period under the Public Records Act, simply states that a response shall be made "within 10 days from receipt of the request." Defendants has not

followed or responded to any Public Records Requests made by Plaintiff & Family.

Defendant has failed to fulfill public records request from Plaintiff for what regulations Defendant has & who made the regulations; for Defendant to not follow the laws. Defendants are failing/refusing to fulfill public records request from Plaintiff because of aforementioned Defendants violation of Plaintiff's constitutional right, the Fourth Amendment.

Plaintiff also claim attorney fees & costs pursuant to **42** U.S.C. § **1988** under this claim for relief.

### E.  Municipal & Supervisory Liability (42 U.S.C. § 1983)

Defendant has allowed County Sheriff Officers to deprive Plaintiff Jeff Macy of their rights & liberties secured by the 4th & 14th Amendments to the United States Constitution, in that said Defendants & their supervising & managerial employees, agents, & representatives acting with gross negligence & with reckless & deliberate indifference to the safety, rights, & liberties of the public in general & of Plaintiff Jeff Macy, & of persons in their class, situation & comparable position, in particular, knowingly maintained, enforced & applied an official recognized custom, policy, & practice of:

(a) Defendant employing & retaining as Officers & other personnel, including County Sheriff Officers at all times material herein knew or reasonably should have known had propensities for abusing their authority & for mistreating citizens by failing to follow their code of ethics;

(b) Defendant inadequately supervising, training, controlling, assigning & disciplining County Sheriff Officers & other personnel, each knew or in

the exercise of reasonable care should have known the aforementioned propensities & character traits;

(c) Defendant has maintained grossly inadequate procedures for reporting, supervising, investigating, reviewing, controlling, & disciplining the intentional conduct by County Sheriff Officers & other personnel;

(d) Defendant is failing to adequately train County Sheriff Officers including Defendant San Bernardino County Sheriff's Department Twin Peaks Patrol Station & failing to institute appropriate policies regarding constitutional procedures & practices.

(e) Defendant is maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, controlling & disciplining the intentional conduct by County Sheriff Officers.

The policies, practices, & customs implemented & maintained & still tolerated by Defendant were affirmatively linked to & were significantly influential forces behind the Plaintiff receiving more tickets from County Code Enforcement trying to wrongfully extort more money from Plaintiff. As such, the policies, practices, & customs aforementioned are linked to aforementioned Defendants violation of Plaintiff's constitutional right, the Fourth Amendment.

### D. NEGLIGENCE

Defendants were negligent in training County Sheriff Officers. Officers know their name tags (identification) has to be clearly visible. Defendant's County Sheriff Officers also did not provide a business card or proof of identification.

Defendant's Captain also refuses to have meeting with Plaintiff & Family about Theft, Trespassing, Harassment, & all above said violations against Plaintiff & Family done by other County Officials.

Defendant was negligent. County Sheriff Officers know County Officers need to identify themselves (Exhibit 1). County Sheriff Officer's failed to identify themselves as per Macy's video evidence & testimonies (Exhibit 2). Doornbos v. City of Chicago (2017)

Plaintiff's neighbor Mark Eason admitted to shooting rattlesnake with Eason's shotgun on Plaintiff's property. Mark Eason also admitted to placing rattlesnake 10' clearly onto Plaintiff's property; on top of a round log, in plain sight. Mark Eason even admitted to Defendant's Officer County Sheriff Maestas that Mark Eason shot rattlesnake outside in public, but was not arrested or given a ticket. Case #052001280. County Sheriff Maestas should have arrested Mark Eason for admitting to using shotgun on Plaintiff's Property to kill Rattlesnake & throw on Plaintiff's log. Instead, continued history of failure of duty, negligence, & Police Misconduct. Pattern of County Sheriffs not doing their job. Plaintiff Jeff Macy even asked County Sheriff Maestas to remove rattlesnake, which County Sheriff Maestas would not do.

On or around Christmas Eve at around 8:15 PM Defendant's County Sheriff Maestas showed up at Plaintiff & Family's residence to give Plaintiff Jeff Macy a citizen's arrest ticket for trashed, broken up, faded ½ of sign, picked up, & cleaned off of Macy Family property weeks before. County Sheriff Maestas' Illegal Detainment of Plaintiff for broken up, trashed, faded ½ of sign, ticket. Plaintiff Jeff Macy appealed false ticket & won on appeal. Another history of Police Misconduct, Negligence, & False Ticket. Defendants' negligence & Illegal Detainment of Plaintiff is a constitutional violation of Plaintiff's constitutional right, the Fourth Amendment.

### E. CONSPIRACY

1. County Code Enforcement, 2. California Highway Patrol, 3. Burrtec, 4. Waste Management, 5. County Public Works, 6. County CSA-18 7. San Bernardino County Sheriff's Department are allegedly conspiring, targeting Plaintiff & Family's religious Yeshua Temple project with animus-based discrimination against their freedom of religion. Governmental agencies are targeting Plaintiff & Family; religious non-profit Christians, conspiring with other government organizations to deprive Plaintiff & Family of their civil rights and/or ability to build a Holy Temple. County Code Enforcement has given egregious notices, & have trespassed on Plaintiff's private property multiple times; with no warrants or court orders on Plaintiff's Mojave River Rd, Cedarpines Park, CA 36-acre private property. County Public Works, County CSA-18 has cut down Plaintiff's cables at religious private property. Burrtec private trash company drives on Plaintiff's private Augusta Way road without permission. For years Burrtec has caused weight damage to Plaintiff & Family's private road from excessive weight from Burrtec trucks, which travel from **County SWMD** which is the County of San Bernardino's **S**olid **W**aste **M**anagement **D**ivision; that Waste Management has willingly allowed to extort more money. Defendant's County Deputy Sheriff Officer Robert Maestas gave Plaintiff Jeff Macy an illegal ticket for picking up trash. Plaintiff & Family put trash in Macy family trash truck, from own Macy's private property. On Christmas evening, for a claim made a week earlier by an unknown neighbor said had verbal permission to report broken sign on Plaintiff's property as stolen trash? Defendant's County Deputy Sheriff Officer Robert Maestas said, "I didn't want to give you a ticket, but captain made me do it, …don't want to arrest you; but you will have to appear in court to contest it." Plaintiff Jeff Macy, with whole family & Plaintiff present collecting trash testified to County Officer it was trash in a trash pile on Plaintiff's private

property, out of sight, no neighbors live in view of where Plaintiff & Family were picking up trash on Plaintiff's property. Macy's had to worry, still had threat of going to jail for picking up trash that County Code Enforcement said Plaintiff had to clean within 30 days. The ticket was dismissed by the District Attorney. This was illegal detainment, & another example of conspiracy & harassment being alleged. Defendant County Sheriff's Department illegally detained & ticketed Plaintiff without any witness or suspects identification procedure. Right to confront witness of false allegation. These are all Law Enforcement agencies; coordinated attacks against Macy's Free Yeshua Temple project (Religious Discrimination).

Legally, a Conspiracy exists when 2 or more persons join together & form an agreement to violate the Law, & then act on that agreement. As such, the aforementioned Conspiracy is linked to aforementioned Defendants violation of Plaintiff's constitutional right, the Fourth Amendment.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests this Court to dismiss Magistrate Judge's Report & Recommendation. Plaintiff requests to make a Third Amended Complaint.

By Plaintiff: _Jeff Macy_

Jeff Macy

Date: _7/15/24_

PAGE 25

Exhibit **1**:

Sheriff's Department Manual

**1.718 Duty to Identify Self**

In the performance of their official duties, except in authorized undercover situations, members shall <u>identify themselves by rank, surname, and division of assignment when requested to identify themselves by any citizen</u>.

**1.720 Proper Use of Radios, Computers, etc.**

County Communications monitors Department radio frequencies and may furnish reports to the Office of the Sheriff regarding radio frequency abuse. Specific violations shall be brought to the attention of the concerned commander.

**1.722 Answering Department Telephones**

The telephone is the primary method by which the services of the Department are requested. All incoming telephone calls must be answered as promptly as possible to determine if a need for law enforcement service exists and, if so, to provide the required service. In answering telephone calls, members shall courteously greet the caller, identify their units and themselves, and ask to be of assistance. Members shall make every reasonable attempt to either supply the requested information and assistance or to promptly refer the party to the proper Department unit or other public or private agency for assistance. Under no circumstances shall any telephone call be placed on hold without first determining if the call is of an emergency nature. A member who receives a telephonic report requiring immediate law enforcement action shall promptly obtain the location of the occurrence, call back number, and other available

San Bernardino County Sheriff's Department | **113**

Exhibit **2**:

Sheriff's Department Manual

**5.405.45 Class A Trouser Belt**

The belt shall be constructed of black leather, or leather-type material, stamped with basketweave design, and be one and one-half inches (1 1/2") wide. The belt shall have either a silver colored metal buckle or be buckleless with a Velcro-type closure.

**5.405.50 Metal Badge: Class A Uniform**

The Department authorized metal badge shall be pinned to the eyelet badge tab over the left breast pocket.

**5.405.55 Shoulder Patches**

Standard Departmental shoulder patches shall be sewn onto the shirt sleeves.

**5.405.60 Name Plate**

The name plate shall be a <u>bright gold colored metal bar</u> having the <u>first initial and the last name</u> of the member engraved thereon in bold black print.

The bar is a clutch-back bar, measuring approximately two and one-half inches in length by one-half inch in width (2 1/2" x 1/2").

The <u>name plate shall be horizontally centered above the right breast pocket</u>, the lower edge of the name plate to touch upon the upper edge of the pocket seam.

NOTE: Stations may also authorize name plates displaying the station name and/or city logo. The name plates shall measure approximately three inches in length by three-quarter inch in width (3" X ¾").

Exhibit 3

[Document Released to Requester] San Bernardino County public records request #24-8929

From: San Bernardino County Public Records (messages@nextrequest.com)

To: macybuilders@yahoo.com

Date: Thursday, June 27, 2024 at 05:52 PM PDT

-- Attach a non-image file and/or reply ABOVE THIS LINE with a message, and it will be sent to staff on this request. --

San Bernardino County Public Records

**Documents have been released for**

**record request #24-8929 along with the**

**following message:**

June 27, 2024

Jeff Macy

Re: Public Records Act request #24-8929

Dear Mr. Macy:

The San Bernardino County Sheriff's Department ("Department")

has concluded its review of your Public Records Act request.

The Department has located the attached documents, which may

be responsive to your request. Duplication costs have been

waived.

In response to your request for body-worn camera footage, the

type of records you have requested, if they exist, constitute

confidential investigative records and are exempt from release

under the Public Records Act. Pursuant to Government Code

section 7923.600, subdivision (a) any investigatory files

PAGE 28

assembled by local agencies for law enforcement purposes are excluded from disclosure under the Public Records Act. This exclusion applies regardless of whether or not enforcement proceedings are active or certain to occur. (*Haynie v. Superior Court* (2001) 26 Cal.4th 1061, 1069; *Black Panther Party v. Kehoe* (1974) 42 Cal.App.3d 645, 654; *Younger v. Berkeley City Council* (1st Dist. 1975) 45 Cal.App.3d 825, 833; and *American Civil Liberties Union Foundation v. Deukmejian* (1982) 32 Cal. 3d 440.) Moreover, these records maintain their protected status and are non-disclosable, even when the associated investigation has concluded (*Williams v. Superior Court* (1993) 5 Cal. 4th 337, 355-362). The body-worn camera recording you have requested is not related to an incident that requires us to make investigative materials publicly available. (See Pen. Code, § 832.7, subd. (b)(1); and Gov. Code, § 7923.625, subd. (e).)

Furthermore, releasing such records can potentially infringe upon the privacy rights of the individuals involved. The California Constitution safeguards these privacy rights, and the rights are highlighted as a fundamental interest upheld by the Public Records Act. (Cal. Const., Art I, Section I; Gov. Code §§ 7927.700 and 7927.705).

For the reasons outlined above, <u>your request for body-worn camera footage is respectfully denied</u>.

Sincerely,

San Bernardino County Sheriff's Department

- 5.405.60 Name Plate.pdf

PAGE 29

- 1.718 Duty to Identify Self.pdf

View Request 24-8929

https://sanbernardinocounty.nextrequest.com/requests/24-8929

Document links are valid for one month. After July 27, you will need to sign in to view

the document(s).

## 1.718  Duty to Identify Self

In the performance of their official duties, except in authorized undercover situations, members shall identify themselves by rank, surname, and division of assignment when requested to identify themselves by any citizen.

## 1.720  Proper Use of Radios, Computers, etc.

County Communications monitors Department radio frequencies and may furnish reports to the Office of the Sheriff regarding radio frequency abuse. Specific violations shall be brought to the attention of the concerned commander.

## 1.722  Answering Department Telephones

The telephone is the primary method by which the services of the Department are requested. All incoming telephone calls must be answered as promptly as possible to determine if a need for law enforcement service exists and, if so, to provide the required service.

In answering telephone calls, members shall courteously greet the caller, identify their units and themselves, and ask to be of assistance.  Members shall make every reasonable attempt to either supply the requested information and assistance or to promptly refer the party to the proper Department unit or other public or private agency for assistance.

Under no circumstances shall any telephone call be placed on hold without first determining if the call is of an emergency nature. A member who receives a telephonic report requiring immediate law enforcement action shall promptly obtain the location of the occurrence, call back number, and other available

## 5.405.45  Class A Trouser Belt

The belt shall be constructed of black leather, or leather-type material, stamped with basketweave design, and be one and one-half inches (1 1/2") wide. The belt shall have either a silver-colored metal buckle or be buckleless with a Velcro-type closure.

## 5.405.50  Metal Badge: Class A Uniform

The Department authorized metal badge shall be pinned to the eyelet badge tab over the left breast pocket.

## 5.405.55  Shoulder Patches

Standard Departmental shoulder patches shall be sewn onto the shirt sleeves.

## 5.405.60  Name Plate

The name plate shall be a bright gold colored metal bar having the first initial and the last name of the member engraved thereon in bold black print.

The bar is a clutch-back bar, measuring approximately two and one-half inches in length by one-half inch in width (2 1/2" x 1/2").

The name plate shall be horizontally centered above the right breast pocket, the lower edge of the name plate to touch upon the upper edge of the pocket seam.

NOTE: Stations may also authorize name plates displaying the station name and/or city logo. The name plates shall measure approximately three inches in length by three-quarter inch in width (3" X ¾").

[Document Released to Requester] San Bernardino County public records request #24-8929

From: San Bernardino County Public Records (messages@nextrequest.com)
To: macybuilders@yahoo.com
Date: Thursday, June 27, 2024 at 05:52 PM PDT

— Attach a non-image file and/or reply ABOVE THIS LINE with a message, and it will be sent to staff on this request. —

San Bernardino County Public Records

**Documents have been released for record request #24-8929 along with the following message:**

June 27, 2024
Jeff Macy
Re: Public Records Act request #24-8929
Dear Mr. Macy:
The San Bernardino County Sheriff's Department ("Department") has concluded its review of your Public Records Act request. The Department has located the attached documents, which may be responsive to your request. Duplication costs have been waived.

In response to your request for body-worn camera footage, the type of records you have requested, if they exist, constitute confidential investigative records and are exempt from release under the Public Records Act. Pursuant to Government Code section 7923.600, subdivision (a) any investigatory files assembled by local agencies for law enforcement purposes are excluded from disclosure under the Public Records Act. This exclusion applies regardless of whether or not enforcement proceedings are active or certain to occur. (*Haynie v. Superior Court* (2001) 26 Cal.4th 1061, 1069; *Black Panther Party v. Kehoe* (1974) 42 Cal.App.3d 645, 654; *Younger v. Berkeley City Council* (1st Dist. 1975) 45 Cal.App.3d 825, 833; and *American Civil Liberties Union Foundation v. Deukmejian* (1982) 32 Cal. 3d 440.) Moreover, these records maintain their protected status and are non-disclosable, even when the associated investigation has concluded (*Williams v. Superior Court* (1993) 5 Cal. 4th 337, 355-362). The body-worn camera recording you have requested is not related to an incident that requires us to make investigative materials publicly available. (See Pen. Code, § 832.7, subd. (b) (1); and Gov. Code, § 7923.625, subd. (e).)

Furthermore, releasing such records can potentially infringe upon the privacy rights of the individuals involved. The California Constitution safeguards these privacy rights, and the rights are highlighted as a fundamental interest upheld by the Public Records Act. (Cal. Const., Art I, Section I; Gov. Code §§ 7927.700 and 7927.705).

For the reasons outlined above, your request for body-worn camera footage is respectfully denied.
Sincerely,
San Bernardino County Sheriff's Department

- 5.405.60 Name Plate.pdf
- 1.718 Duty to Identify Self.pdf

View Request 24-8929

https://sanbernardinocounty.nextrequest.com/requests/24-8929

Document links are valid for one month. After July 27, you will need to sign in to view the document(s).

